STONE, Judge.
A contractor, Royal Investment & Development Corporation, is appealing a summary judgment in favor of Monty’s Air Conditioning Service, Inc. The summary judgment was granted on the ground that paragraph 11.10 of the subcontract agreement required three days written notice before the contractor could terminate the relationship. The subcontractor had filed an action for damages for breach of contract, and the contractor sought a set-off and filed a counterclaim. Monty’s contends that Royal had an absolute obligation, pursuant to paragraph 11.10, to provide three days written notice in order to recover for losses incurred in remedying deficiencies in Monty’s work, and that such notice was not given. Paragraph 11.10 provides:
The Subcontractor agrees that if he should neglect to prosecute the Work diligently and properly or fail to perform any provisions of this Subcontract, the Contractor, after three working days’ written notice to the Subcontractor, may, without prejudice to any other remedy he may have, make good such deficiencies and may deduct the cost thereof from the payments then or thereafter due the Subcontractor, provided, however, that if such action is based upon faulty workmanship or materials and equipment, the Architect shall first have determined that the workmanship or materials and equipment are not in accordance with the Contract Documents.
On February 1st, 1985, the contractor sent the subcontractor a letter notifying it that certain charges would be deducted from its final draw due to installation and code violations. The subcontractor did not respond to the letter. At the time it was delivered, despite its contents, Royal took no steps to replace Monty’s. However, a notice of termination was sent to the subcontractor fifteen days after the letter.
The subcontractor offers no excuse nor defense other than under paragraph 11.10, and there is no dispute that the deficiencies had to be corrected at some expense to either party. All of the work had been successfully completed except for the items specified in the letter. Both parties contend that paragraph 11.10 is clear and unambiguous.
The contractor argues that there were genuine issues of material fact, that the contract does not specify the form and content of the notice referred to, that the letter substantially complied with para *421 graph 11.10, and that the notice was adequate. We need not address these positions, however, as we agree with appellant that it has not surrendered its rights under the agreement to a defense, set-off claim, or counterclaim.
The contract states that the provisions of paragraph 11.10 are “without prejudice to any other remedy he [the contractor] may have.” Appellant correctly notes that paragraph 11.10 does not purport to guarantee Monty’s three days to remedy defects. It is not a grant of additional rights to the subcontractor by the contractor. It does not impose any additional obligations upon the appellant, nor does it contain a waiver of any remedies nor defenses otherwise available for damages arising out of the subcontractor’s breach.
It is not insignificant that only the subcontractor “agrees” to the provisions of paragraph 11.10. The paragraph provides an additional remedy to a contractor complying with its terms, not a trap for a contractor who fails to clearly word a notice. The contract is not ambiguous and should not be given a meaning other than that expressed. See Hamilton Construction Co. v. Board of Public Instruction of Dade County, 65 So.2d 729 (Pla. 1953); Mulhern v. Mulhern, 446 So.2d 1124 (Fla. 4th DCA 1984). The words in a contract should be given their natural meaning, or meaning most commonly understood in relation to the subject matter and circumstances, with a reasonable construction preferred to an unreasonable one. Gamble v. Mills, 483 So.2d 826 (Fla. 4th DCA 1986); Thompson v. C.H.B., Inc., 454 So.2d 55 (Fla. 4th DCA 1984).
We need not determine whether appellant would prevail had we accepted appel-lee’s interpretation of paragraph 11.10 of the agreement. We reverse and remand for a trial on all issues of fact. The attorney’s fee judgment is also reversed.
GLICKSTEIN and DELL, JJ„ concur.