528 So.2d 1229 (1988)
FIRST AMERICAN TITLE INSURANCE COMPANY OF ST. LUCIE COUNTY, INC., and First American Title Insurance Company of Martin County, Inc., Appellants,
v.
ERSKINE FLORIDA PROPERTIES, INC., a Florida Corporation, and R. James Erskine, Appellees.
No. 4-86-2786.
District Court of Appeal of Florida, Fourth District.
July 13, 1988.
Rehearing Denied August 24, 1988.
Ralph P. Mangione and Robert W. Boos of Taub & Williams, P.A., Tampa, for appellants.
William R. Scott of Scott & Fogt, P.A., Stuart, and John Beranek, Jane Kreusler-Walsh and Larry Klein of Klein & Beranek, P.A., West Palm Beach, for appellees.
PER CURIAM.
This is an appeal from a final judgment awarding damages based on an indemnification action. We reverse and remand.
The issues raised on appeal relate to the sale of condominium unit 210B. This unit was a part of a condominium project, which was originally owned and developed by *1230 Tony Sotolongo. In late 1971, Sherman purchased unit 210B, and Sotolongo and his wife transferred the unit by warranty deed to Sherman. This warranty deed was never recorded.
On March 17, 1983, Sherman executed a document entitled Notice of Claim of Interest in Land. On March 31, 1983 the clerk failed to properly index this document according to the name "Ocean Harbor of North Beach Development Corporation." This error was corrected on July 16, 1984.
On February 7, 1983, the Sotolongos again quitclaimed the title of unit 210B to Martin Saunders. This quitclaim deed was recorded on February 11, 1983. Saunders offered to sell title to unit 210B to appellee Erskine. In anticipation of this purchase, appellee Erskine contacted appellant First American of Martin County to perform a title search as to unit 210B. First American of Martin County then asked appellant First American of St. Lucie County to perform the title search, because the property was located in St. Lucie County. Erskine told First American to check the title but he did not give the name "Sherman" to check under, nor did he tell First American about the existence of Sherman's prior purchase contract.
First American's search was based on documentation pertaining to unit 210B between August 4, 1982 and May 9, 1983. In conducting its search, First American searched only the names provided by Erskine ("Saunders" and "Ocean Harbor South") in the direct and indirect indexes. It did not search the unit number itself, nor did it run a search through the Parcel ID index. Based on its search, the abstract of title provided for appellee Erskine failed to identify Sherman's improperly indexed Notice of Claim of Interest in Land.
Erskine subsequently sold unit 210B to Francis M. Hart for a net cash of $78,909.38. As a result of this sale, Sherman brought an action against Erskine Florida Properties, Inc. and R. James Erskine, seeking to impose a constructive trust on proceeds Erskine collected from the sale of the condominium unit to Hart. Erskine filed a third party complaint against appellants First American of Martin and St. Lucie Counties (First American) seeking indemnification for their negligence in preparing the title chain. The trial court severed First American from the action.
A final judgment was entered in favor of Sherman and against Erskine for $78,909.38 plus prejudgment interest and costs. On the indemnification action, judgment was entered against First American and in favor of Erskine in the amount of $98,961.46. First American now appeals this final judgment.
On appeal, First American raises four issues: whether there was evidence presented establishing First American's negligence; whether First American is liable for its failure to identify an instrument not subject to recordation; whether appellee's reliance on First American's abstract of title was the proximate cause of appellee's damages; and whether the trial court's determination of appellee's damages was contrary to the manifest weight of the evidence. We find reversible error.
An abstractor's duty to his employer is to use such care and skill as is exercised by persons engaged in similar occupations and under like circumstances. Kovaleski v. Tallahassee Title Co., 363 So.2d 1156 (Fla.1st DCA 1978). In the instant case, there was no expert testimony presented as to what the community standard of care was in St. Lucie County at the time of preparing an abstract.
Experts, basing their opinions on the standard of care in St. Lucie County, should have at least answered questions such as the following:
1) Whether First American, using the standard techniques of an abstractor, should have discovered the improperly indexed Notice of Claim of Interest;
2) Whether First American should have searched the unit number in addition to the names provided by Erskine in the direct and indirect indexes;
3) Whether First American should have searched the Parcel ID index, even though it contained a disclaimer that it should not *1231 be solely relied upon for abstracting purposes;
4) Whether other avenues were available in the courthouse which would have led to the discovery of an interest in unit 210B and which First American should have pursued; and
5) Whether First American should have other in-house system(s) which would have led to the discovery of an interest in unit 210B.
Without expert testimony as to these and other pertinent questions, the trial court erred in making its own determination as to the applicable standard of care. Inasmuch as appellee failed to establish a prima facie case and carry its burden of proof the final judgment must be reversed. Green v. Loudermilk, 146 So.2d 601 (Fla. 2d DCA 1962).
REVERSED.
DOWNEY and WALDEN, JJ., concur.
LETTS, J., dissents with opinion.
LETTS, Judge, dissenting.
What we have done here, essentially, is reverse a trial judge who, in a bench trial, held as a matter of law that when a "title" is searched it is insufficient to merely run a "name" search. In my view, the trial judge was eminently correct.
The term "title search" is just that  a search of the title. In the instant case, the trial court held "from its own experience" that a "title searcher reviews the records via legal description" and, in effect, took judicial notice of that fact. I see no room for argument about such a basic tenet of abstracting. In the case at bar, no search of the legal description was conducted.
Were this case being remanded for retrial, because of the alleged error in denying the defendants the opportunity to present expert testimony, I would not be so unhappy with the result. I say this because, despite anticipated testimony that a mere name search is the standard for searching titles in St. Lucie County, there would be testimony to the contrary and the same result as before would probably pertain in the trial court. However, the majority opinion forecloses that possibility and apparently holds that the plaintiff failed to carry the burden of proving that a mere name search is not a title search. Like the trial judge, I would take judicial notice that it is not. As a former abstract-thumber, I simply cannot accept the premise which we now embrace.