# SECURITY FIRST FEDERAL SAVINGS & LOAN ASSOCIATION v BROOM, CANTRELL, MOODY & JOHNSON, et al.

## Case No. 88-3824-CA

Fourth Judicial Circuit, Duval County

April 20, 1989

### APPEARANCES OF COUNSEL

**William E. Barfield,** Markel, McDonough & O'Neal, for plaintiff.

**John A DeVault, III** and Timothy J. Corrigan, Bedell, Dittmar, DeVault & Pillans, P.A., for defendants.

### OPINION OF THE COURT

PETER L. DEARING, Circuit Judge.

#### *FINAL SUMMARY JUDGMENT FOR DEFENDANTS*

This cause came before the Court on the motion of plaintiff, Security First Federal Savings & Loan Association ("Security First"), for partial summary judgment and the motion of defendants, Broom, Cantrell, Moody & Johnson, *et al.* ("the Broom firm"), for summary judgment.

The Court has conducted a hearing to which counsel for both parties have presented extensive argument and the Court has also considered the entire record, including all affidavits, depositions and pleadings on file. The Court now addresses the arguments raised in the respective motions for summary judgment:

1. Security First has moved for partial summary judgment contending that the two-year statute of limitations regarding actions against professionals, F.S. § 95.11(4)(a) (1987), does not apply to this case because real estate appraisers are not "professionals" within the meaning of the statute of limitations. The Broom firm has filed a cross-motion for summary judgment, contending that, as a matter of law, they were "professionals" within the meaning of the statute of limitations and, therefore, the two-year statute applies to this case.

Security First relies upon the Florida Supreme Court's decision in *Pierce v AALL Insurance, Inc.,* 531 So.2d 84 (Fla. 1988), to argue that an appraiser is not a professional as defined in the statute of limitations because there is no requirement that an appraiser, to be licensed under the laws of Florida, possess a four-year university level degree. The Court agrees that a four-year college degree is not required to call oneself an "appraiser" in Florida (indeed, there is no specific licensing requirement for appraisers in Florida). However, the uncontroverted facts demonstrate that Security First required its appraisals to be done by a member of the American Institute of Real Estate Appraisers, (an "MAI"). John Adams, the Chief Appraiser for Security First, has confirmed this by affidavit. The evidence of record shows that MAI appraisers are subject to rigorous standards of education, experience, good moral character and integrity, including the requirement of a four-year college degree. Additionally, an MAI appraiser must successfully complete numerous appraisal courses sponsored by the Appraisal Institute and a minimum of five years creditable appraisal experience, three of which must be in a specialized appraisal area. There are presently only 393 MAIs in the State of Florida according to an affidavit from the Executive Secretary of the American Institute of Real Estate Appraisers. Thus, "[i]t is this specialized education and academic preparation which . . . distinguishes" MAI appraisers from other appraisers. *Pierce,* 531 So.2d at 87-88.

Moreover, MAI appraisers are subject to the Code of Professional Ethics and Standards of the Professional Practice of the American Institute of Real Estate Appraisers. As such, MAI appraisers are subject to disciplinary procedures based upon the Code of Professional Ethics. Thus, MAI appraisers also meet *Pierce's* requirement that

**85**

"professionals" be "guided by a code of ethics or standard of moral conduct." *Id.* at 88.

Security First required that the subject appraisal be conducted by an MAI appraiser and, further, Security First reviewed the subject appraisal to determine if the methodology was consistent with that of MAI appraisals. Thus, Security First itself recognized the distinction between a non-MAI appraiser and an MAI appraiser and required that the subject appraisal be conducted by an MAI appraiser. Finally, the subject appraisal states that it was prepared in accordance with the requirements of the Code of Professional Ethics and Standards of Professional Practice of the American Institute of Real Estate Appraisers, the governing body of MAI appraisers.

Where the State has not established a specific licensing requirement, but the parties agree that the services may only be performed by someone who has the requisite specialized education, academic training and certification which meet the terms of the Supreme Court's holding in *Pierce,* that individual should be deemed a "professional" for purposes of the statute of limitations.

Therefore, the Court holds that the relevant "profession" is that of MAI appraisers and that under the holding of the Florida Supreme Court in *Pierce,* MAI appraisers are "professionals" and actions against them are governed by the two-year statute of limitations.

2. The second ground raised by defendants' motion for summary judgment is that the amended complaint alleges only errors of judgment with respect to the preparation of the subject appraisal. There is no allegation or evidence that defendants committed errors of fact in the appraisal. The thrust of the complaint is that defendants improperly and negligently selected comparable properties (Amended Company, paragraph 17) and, therefore, failed to "provide a true and accurate appraisal of the fair market value of the Southern Grove property" (Amended Complaint, paragraph 28).

The uncontradicted testimony is that there is no established definition of "comparables" and that analyzing the comparability of properties is a matter of the appraiser's judgment. Security First has filed the affidavit of Duncan Ennis, an MAI appraiser, who in 1989, performed an appraisal of the subject property with an "as of" value date which is the same as that of the subject appraisal. Mr. Ennis has reached an opinion of value which is far lower than that contained in the subject appraisal. Security First has also filed the affidavit of another expert, William Weaver. Mr. Weaver does not state that there were any factual errors in the performance of the subject appraisal; again, he merely

86

states that he disagrees with the selection of comparables made by the Broom firm.

However, the mere fact that another appraiser may disagree with the judgment used by the Broom firm in selecting comparables does not make the Broom firm's appraisal actionable. Although there appear to be no Florida cases addressing the standards applicable in an action against an appraiser, the Court is persuaded by the law in the related areas of legal malpractice which holds that

> "[a]n attorney who acts in good faith and in an honest belief that his advice and acts are well founded and in the best interest of his client *is not answerable for a mere error of judgment* or for a mistake in a point of law which has not been settled by the court of last resort in his State and on which reasonable doubt may be entertained by well-informed lawyers." *Kaufman v Stephen Cahen, P.A.,* 507 So.2d 1152, 1153 (Fla. 3d DCA 1987), *quoting, Hodges v Carter,* 239 N.C. 517 (1954) (emphasis added). *See, Dillard Smith Construction Co. v Greene,* 337 So.2d 841, 843 (Fla. 1st DCA 1976) ("[the lawyers'] contractual interpretations, rendered in the exercise of judgment, in good faith and with the degree of knowledge and skill ordinarily possessed by other lawyers similarly situated, do not become actionable simply because a court later rules against his client").

Finally, the Court notes that the testimony of Security First's own former Chief Appraiser, John Adams, supports the Broom firm's position. Mr. Adams, an MAI appraiser, authored a memorandum in which he states that the Broom firm has prepared an *"Estimate of Undeveloped Land Value"* which "is reasonable and proper" and that the appraisal report reflects "good judgment which is well supported by factual data" (Adams Memorandum 12/4/85) (emphasis added).

"[A] statement of value, such as a land appraisal, is generally considered to be a statement of opinion." *George v Federal Land Bank of Jackson,* 501 So.2d 432, 435 (Ala. 1986) (applying Alabama law). *Accord, Uvanile v Denoff,* 495 So.2d 1177 (Fla. 4th DCA 1986), *rev. dism.,* 504 So.2d 766 (Fla. 1987) (method of valuing rental property was "a difference of opinion, and not a misrepresentation of a material fact"). Here, the Broom firm was employed to use their *judgment* to give an *estimate* of the fair market value of the property. Absent allegations or evidence that the Broom firm committed errors of fact as opposed to errors of judgment in selecting and analyzing comparables, plaintiff has no cause of action against the Broom firm.

3. There is no credible evidence that the subject appraisal was negligently performed.

Defendants' motion for summary judgment is supported by the affidavits of two MAI appraisers, Clifford E. Fisher, Jr. and Charles B. Rodgers, as well as their depositions on file which together establish that the subject appraisal met the applicable standard of care for like appraisals in 1984. Plaintiff's evidence, consisting of the affidavits of William Weaver, Duncan Ennis and John Adams is not sufficient as a matter of law to create an issue of fact concerning defendants' conduct.

The affidavit of Duncan Ennis discloses that in 1989, he appraised the subject property with an "as of" date of October, 1984, and arrived at a substantially different estimated value than the subject appraisal. That these appraisals are different does not create an issue of negligence as to either. John Adams' affidavit merely attempts to define his role in the review of the appraisal in 1984.

While the affidavit of William Weaver attempts to create an issue of fact concerning the subject appraisal, the attempt fails. Weaver, who apparently is not an appraiser, states that he subject "appraisal does not comply with the minimum requirements" of the American Institute of Real Estate Appraisers, The Society of Real Estate Appraisers "or those which are generally recognized and accepted in the field of real estate practiced within Duval County, Florida as acceptable, in the year 1984" (Weaver Affidavit, paragraph 7). Weaver further states that he has "determined that the properties used as comparables within the report were, indeed, not comparable properties." *Id.* at paragraph 8. Finally, he states that defendants "failed to include all the information available to them which was necessary to consider in determining the fair market value of the property." *Id.* at paragraph 9.

Weaver's conclusory statements are insufficient to create an issue of fact. His statement that the appraisals failed to meet standards "generally recognized and accepted" within Duval County in 1984, fails to state what those standards were. His statement that the comparable properties in the report were "not comparable" fails to account for the fact that there is no established definition of comparability. *See* p. 4, *supra.* Further, Weaver offers no explanation why defendants' comparables were not, in fact, comparable to the subject property. Finally, Weaver does not say what "information available to them" defendants allegedly failed to use in determining the fair market value of the subject property. Weaver's testimony is, therefore, incompetent to create an issue of fact. *See First American Title Insurance Co. of St.*

*Lucie County, Inc. v Erskine Florida Properties, Inc.,* 528 So.2d 1229, 1230-31 (Fla. 4th DCA 1988).[1]

Based upon the foregoing, it is hereby

ORDERED AND ADJUDGED:

1. Plaintiff's motion for partial summary judgment is denied.

2. Defendants' motion for summary judgment is granted.

3. Final judgment is hereby entered in favor of defendants, Broom, Cantrell, Moody & Johnson, Philip M. Johnson, Farley J. Grainger, Harry B. Broom, Heyward Cantrell and Ronald K. Moody, and against plaintiff, Security First Federal Savings & Loan Association. Plaintiff will take nothing by this action and defendants shall go hence without day. The Court reserves jurisdiction to tax costs.

DONE AND ORDERED in Chambers, Duval County Courthouse, Jacksonville, Florida, this 20th day of April, 1989.

---

[1] Defendants have also raised other grounds in support of their motion for summary judgment, but because of the disposition of these grounds, the Court need not reach these issues.