560 So.2d 304 (1990)
SECURITY FIRST FEDERAL SAVINGS & LOAN ASSOCIATION, Appellant,
v.
BROOM, CANTRELL, MOODY & JOHNSON, a Florida Partnership; Phillip M. Johnson; Farley J. Grainger; Harry B. Broom; Heyward Cantrell; and Ronald K. Moody, Appellees.
No. 89-01814.
District Court of Appeal of Florida, First District.
April 18, 1990.
Rehearing Denied May 15, 1990.
*305 Leslie King O'Neal of Markel, McDonough & O'Neal, Orlando, for appellant.
John A. DeVault, III, and Timothy J. Corrigan of Bedell, Dittmar, DeVault & Pillans, Jacksonville, for appellees.
BOOTH, Judge.
This cause is before us on appeal from an order of the trial court granting summary judgment for appraiser appellees, who submitted an appraisal on which the appellant bank relied in making a loan.
Appellant Security First Federal Savings & Loan Association (Security First) is a federally-chartered savings and loan association. In 1984, Ellis Neder, on behalf of a limited partnership called Southern Grove, Ltd., applied for a loan from Security First to purchase and develop 14.7 acres of raw land in Jacksonville called the "Southern Grove" property. As part of the loan application, appellant required an appraisal performed by an appraiser holding an MAI (member of the American Institute of Real Estate Appraisers) designation.
Neder provided Security First with an appraisal report prepared by appraisers Philip M. Johnson and Farley J. Grainger[1] from the real estate appraisal firm of Broom, Cantrell, Moody & Johnson. Johnson and Grainger sent a letter dated November 26, 1984, to Robert White of Security First, summarizing their appraisal report along with a copy of the appraisal report. The letter and the appraisal report showed the fair market value of the property to be $1,175,000 as of October 14, 1984.
In January 1985, in reliance on the November 1984 appraisal report, Security First made a loan to Southern Grove, Ltd. in the amount of $822,500, which was secured in part by a mortgage of the Southern Grove property. In addition, appellant made a construction loan to Southern Grove, Ltd. in the amount of $5,400,000, which was also secured in part by a mortgage on that property. Southern Grove, Ltd. defaulted on the loans, and Security First filed suit to foreclose its mortgages.
On December 28, 1987, Earl B. Miller and Robert D. Crenshaw, real estate appraisers with the firm of Miller, Hoolis, Wilson, Inc., gave an appraisal of $385,000 for seven of the 14.7 acres of the Southern Grove property. Security First subsequently filed suit against Johnson, Grainger, and the Broom, Cantrell appraisal firm and its individual partners (appellees). Security First's amended complaint sought damages under four theories: (1) breach of contract as a third-party beneficiary; (2) breach of implied contract; (3) negligence; and (4) negligent misrepresentation. The court granted appellees' motion to dismiss as to the breach of contract count.
In their answer, appellees asserted nine affirmative defenses, one of which was the two-year statute of limitations for professional malpractice. Security First filed a motion to strike, on which the court did not rule, and a motion for partial summary judgment alleging the two-year statute of limitations did not apply to appraisers. Appellees, in turn, filed a motion for summary judgment alleging: (1) the subject appraisal is within generally-recognized professional standards; (2) the action is barred by the two-year statute of limitations for professional malpractice actions; (3) Security First's claims for negligence and negligent misrepresentation are barred by the rule *306 that there can be no recovery in tort for economic losses; (4) the count sounding in implied contract is barred based on lack of privity; and (5) the claims are premature.
After a hearing on the motions for summary judgment and a review of the memoranda, affidavits, and depositions submitted in support thereof, the trial judge entered a final summary judgment for appellees, holding that: (1) MAI real estate appraisers are "professionals," and actions against them are governed by the two-year professional malpractice statute of limitations; (2) there was no evidence that appellees committed errors of fact as opposed to errors of judgment, and therefore, Security First had no cause of action against them; and (3) there was no credible evidence that the subject appraisal was negligently performed.
Security First raised three issues on appeal: (1) whether the trial court erred in granting summary judgment based on the existence of genuine issues of material fact; (2) whether the trial court erred in granting summary judgment on the error-of-judgment defense since that issue was not raised in the motion for summary judgment; and (3) whether the trial court erred in holding the two-year statute of limitations applied to real estate appraisers.
We find the trial court erred as to all three issues. First, the trial court erred in entering final summary judgment for appellees where genuine issues of material fact existed. As our sister court noted in Aagaard-Juergensen, Inc. v. Lettelier, 540 So.2d 224, 225 (Fla. 5th DCA 1989):
The party moving for summary judgment has the burden of proving the complete absence of a triable issue of material fact, and the proof must be such as to overcome all reasonable inferences which could be drawn in favor of the opposing party. All doubts regarding the existence of an issue in a motion for summary judgment are resolved against the moving party, and all evidence before the court, plus favorable inferences reasonably justified thereby are to be liberally construed in favor of the opponent. [citations omitted]
In the instant case, construing all evidence in the light most favorable to the nonmoving party, Security First established a genuine issue of material fact with the affidavit of William C. Weaver. In his affidavit, Weaver testified in part:
7. I have reviewed the appraisal of Broom, Moody, Cantrell and Johnson for the Southern Grove property, which was prepared in October of 1984 and is the subject of this litigation, and have concluded that the appraisal does not comply with the minimum requirements of the principles, guidelines and standards for real estate appraisals which were developed by the American Institute of Real Estate Appraisers (AIREA) or the Society of Real Estate Appraisers, or those which were generally recognized and accepted in the field of real estate practiced within Duval County, Florida as acceptable, in the year 1984.
8. Particularly, I have examined the subject property, the appraisal and all of the comparable properties utilized in the report, as well as other comparable properties available at the time of the appraisal and have determined that the properties used as comparables within the report were, indeed, not comparable properties.
9. Further, Broom, Moody, Cantrell and Johnson failed to include all the information available to them which was necessary to consider in determining the fair market value of the property. As a result, the fair market value specified in Broom, Moody, Cantrell and Johnson's report is grossly overstated and misleading. [R.339]
Weaver's affidavit sufficiently established genuine issues of fact by challenging the standard of care used by appellees, their methodology, and their implementation of the method chosen. See First Florida Bank, N.A. v. Max Mitchell & Co., 558 So.2d 9 (Fla. 1990) (accountant liable to a third party in negligence where the accountant failed to exercise reasonable and ordinary care in preparing his client's financial statements which he knew would *307 be relied on by the third party in making loans or investments involving the client).
The trial judge exceeded the scope of summary judgment by weighing witness credibility and requiring Security First's expert to furnish details and information needed only at the trial stage of the proceeding.[2] As the court held in State v. Earl, 545 So.2d 415, 416 (Fla. 3d DCA 1989), quoting State v. West, 262 So.2d 457, 458 (Fla. 4th DCA 1972):
The trial court may not try or determine factual issues in a summary judgment proceeding; nor consider either the weight of the conflicting evidence or the credibility of the witnesses in determining whether there exists a genuine issue of material facts [sic]; nor substitute itself for the trier of the fact and determine controverted issues of fact.
Accord, Benson v. Atwood, 177 So.2d 380, 383 (Fla. 1st DCA 1965).
The Supreme Court in Holl v. Talcott, 191 So.2d 40, 45 (Fla. 1966), cert. denied, 232 So.2d 181 (Fla. 1969), further noted:
[W]e do not think it was ever intended that in a complicated case such as this one, the opponent of a motion for summary judgment be obligated to have his expert witness cover all the details and formalities that would be required in offering the same experts' [sic] testimony at a trial of the cause. To do so would turn the summary judgment process itself into a trial of, rather than a search for, issues.
The trial court also erred in finding that the amended complaint alleges only errors of judgment with respect to the preparation of the subject appraisal. Appellees did not raise the issue as a ground for summary judgment in their motion as required by Worley v. Sheffield, 538 So.2d 91 (Fla. 1st DCA 1989). Even if appellees had raised the error-of-judgment defense, the amended complaint supported by Weaver's affidavit does raise genuine issues based on error of fact rather than errors in judgment. Specifically, the errors of fact include: the failure to take into account all the use restrictions applicable to the property that reduced the number of units that could be placed per acre; the failure to take into account approximately four acres of wetlands that are unsuitable for development into condominium units; and determining value based on "comparable property" which was not comparable in location or density.
Finally, the trial judge also erred in finding that MAI appraisers fall within the definition of "professionals" for purposes of the professional malpractice statute of limitations found in Section 95.11(4)(a), Florida Statutes, based on the language found in Pierce v. AALL Insurance, Inc., 531 So.2d 84 (Fla. 1988). The Supreme Court in Pierce defines a profession as "a calling requiring, as a minimum for licensing under the laws of Florida, specialized knowledge and academic preparation amounting to at least a four-year university level degree in the field of study specifically related to that calling" (emphasis added). Id. at 88. Although the requirements for MAI designation[3] are rigorous, *308 they fail to meet the minimum requirement under Pierce that a four-year degree be in a field related to their "profession."
Accordingly, this cause is REVERSED and REMANDED for further proceedings consistent herewith.
THOMPSON and NIMMONS, JJ., concur.
NOTES
[1] Only Mr. Johnson held the MAI designation at the time.
[2] The trial judge found:

Weaver's conclusory statements are insufficient to create an issue of fact. His statement that the appraisals failed to meet standards "generally recognized and accepted" within Duval County in 1984, fails to state what those standards were. His statement that the comparable properties in the report were "not comparable" fails to account for the fact that there is no established definition of comparability. See p. 4., supra. Further, Weaver offers no explanation why defendants' comparables were not, in fact, comparable to the subject property. Finally, Weaver does not say what "information available to them" defendants allegedly failed to use in determining the fair market value of the subject property. Weaver's testimony is, therefore, incompetent to create an issue of fact. See First American Title Insurance Co. of St. Lucie County, Inc. v. Erskine Florida Properties, Inc., 528 So.2d 1229, 1230-31 (Fla. 4th DCA 1988).
We note that subsequent to the trial court's order, quoted supra, the Florida Supreme Court has quashed the Erskine Florida Properties, Inc. case upon which the trial judge relied. Erskine Florida Properties v. First American Title Insurance Co. of St. Lucie County, Inc., 557 So.2d 859 (Fla. 1989).
[3] The requirements for MAI designation include a four-year degree, successful completion of numerous courses sponsored by the appraisal institute, successful completion of examinations sponsored by the institute, a minimum of five years of creditable appraisal experience, a minimum of three years' experience in specialized appraisals, and adherence to a rigorous code of professional ethics and standards.