WOLF, Judge.
The appellants challenge a Summary Final Judgment in favor of the appellee, a land surveyor, and raise the issue of whether the trial court erred by finding the ap-pellee to be a professional within the meaning of section 95.11(4)(a), Florida Statutes, the two-year professional malpractice statute of limitations. In Pierce v. AALL Ins. Co., Inc., 531 So.2d 84 (Fla.1988), the supreme court examined the term “professional” as used in section 95.11(4)(a), Florida Statutes. The court determined that for purposes of that statute a “profession” would be defined as “a vocation requiring, as a minimum standard, a college degree in the specific field. In other words, if, under the laws and administrative rules of this state, a person can only be licensed to practice an occupation upon completion of a four-year college degree in that field, then that occupation is a profession.” Id. at 87 (emphasis added). The supreme court used land surveyors as an example of a profession under that definition. The statutory criteria for licensure of land surveyors and additional language which was utilized in Pierce, however, has created some confusion regarding whether a vocation is a profession if a party can be licensed in that profession by utilizing alternative statutory licensing criteria.
Section 472.013(2)(a), Florida Statutes, provides that an applicant for licensure as a land surveyor must have completed an appropriate course of study in land surveying from a college or university recognized by the board and a specific experience record of four or more years. Section 472.-013(2)(b) and (e), however, provides for alternative methods of qualifying for licen-sure involving less strict curriculum requirements and more stringent experience standards.
It appears that the supreme court in Pierce may have contemplated that some “professions” would utilize alternative methods of qualifying which involve less than the required four-year course of study. The court concluded the Pierce opinion by stating that the definition of a profession was “a calling requiring, as a minimum for licensing under the laws of Florida, specialized knowledge and academic preparation amounting to at least a four-year university level degree in the field of study specifically related to that calling.” Id. at 88 (emphasis added).
While it is not entirely clear that the supreme court would expressly find land surveyors to be professionals within the meaning of the statute, we are affirming the Summary Final Judgment rendered below in light of the reference to land surveyors in Pierce and our recent decision in Pensacola Executive House Condominium Ass’n v. Baskerville-Donovan Eng’rs, Inc., 566 So.2d 850 (Fla. 1st DCA 1990).[1]
In Pensacola Executive House, this court relied on the concluding paragraph provided in Pierce, and expressly held that an engineer is a professional for purposes of applying the statute. Id. at 851. Since the alternative licensing requirement under the laws of Florida for the profession of *875 engineering is similar to the alternative licensing requirements for the profession of land surveying, we determine that land surveying is a profession for the purposes of the professional malpractice statute. In light of the confusion, we do, however, certify the following question to be one of great public importance:
FOR THE PURPOSES OF PROFESSIONAL MALPRACTICE STATUTE IS A LAND SURVEYOR A PROFESSIONAL?
Affirm.
BARFIELD, J., concurs.
ZEHMER, J., specially concurs with written opinion.

. Presently pending before the supreme court.