ZEHMER, Judge
(specially concurring).
I concur in the affirmance and certification of the question to the supreme court only to be consistent with this court’s recent decision in Pensacola Executive House v. Baskerville-Donovan, 566 So.2d 850 (Fla. 1st DCA 1990).
The court’s opinion in Pierce v. AALL Insurance, Inc., 531 So.2d 84 (Fla.1988), has created an obvious ambiguity in the construction of the statute of limitations in professional malpractice cases found in section 95.11(4)(a), Florida Statutes (1983), that must be resolved by that court. But for this court’s decision in Pensacola Executive House, I would reverse on the following rule stated in Pierce:
Therefore, for purposes of the professional malpractice statute of limitations, we define a profession as a vocation requiring, as a minimum standard, a college degree in the specific field. In other words, if, under the laws and administrative rules of this state, a person can only be licensed to practice an occupation upon completion of a four-year college degree in that field, then that occupation is a profession.
531 So.2d at 87. I would not construe the language appearing at the end of the opinion as including in the definition those vocations requiring either a college degree or some specified alternative based on actual experience in the field:
Accordingly, we define a profession as a calling requiring, as a minimum for licensing under the laws of Florida, specialized knowledge and academic preparation amounting to at least a four-year university level degree in the field of study specifically related to that calling.
Id. at 88. I do not see any words in this sentence that should alert a reasonable reader to the fact that the definition of professional is more expansive in meaning than the first quote above. Moreover, expanding the definition of professional for purposes of a malpractice action to include persons who may qualify for licensure through experience or service as an alternative to a four-year university degree simply adds more confusion and ambiguity, and no doubt will lead to even more litigation of an issue that should be perfectly clear and free from doubt to be enforced.
Our supreme court did the best it could with a badly drafted statute in Pierce. Unfortunately, the court tried to treat the phrase “professional malpractice” as a word of art with the precision of meaning required of statute of limitation provisions, although the phrase never has been such. Perhaps the court should have held the statute too vague to be enforced and thrown the ball back in the legislative arena for precise specification of just what was meant to be accomplished by this enactment. In the meantime, however, the lawyer representing Mr. and Mrs. Garden in this case, having relied on a perfectly permissible construction of Pierce in filing his client’s cause of action some 25 months after it apparently accrued, must now be faced with an after-the-fact determination by a court that he should have known better and should now notify his “professional malpractice” insurance carrier. The combination of vagueness in the statute and the apparent ambiguity in the Pierce opinion calls for a reversal by the supreme court on the facts of this case if there is any justice to be found in the judicial system.