[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14280

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 12, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00697 CV-T-24-EAJ

GEICO CASUALTY COMPANY,

Plaintiff-Counter Defendant-Appellee,

versus

ALICIA EUGENIA ARCE,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 12, 2009)

Before CARNES, HULL and COX, Circuit Judges.

PER CURIAM:

Geico Casualty Company filed a declaratory judgment action against Joy

Beauford and Alicia Eugenia Arce. Geico sought a "declaration that it has no further

duty to defend Arce from the claims of Beauford and no duty to indemnify Beauford for the judgment she has obtained against Arce."[1] (R.5-277 at 1, R.282 at 1.) Arce and Beauford counterclaimed. Both Arce and Beauford brought bad faith claims against Geico, and Arce also alleged civil conspiracy and intentional infliction of emotional distress claims. The district court dismissed the civil conspiracy and intentional infliction of emotional distress claims on the ground that they were barred by Florida's economic loss rule. At the close of all evidence, before the case was submitted to the jury, Arce moved under Rule 50(a) for a judgment as a matter of law on the declaratory judgment action. The district court deferred ruling on the motion until after the jury returned its verdict, at which time it denied the motion as barred by judicial estoppel. Arce also moved for a new trial, arguing that the jury instructions were erroneous, and the district court denied that motion as well.

Arce appeals, arguing that the district court erred in dismissing her civil conspiracy and intentional infliction of emotional distress claims, and in denying her motions for judgment as a matter of law and a new trial.[2]

_____

[1]Geico's Complaint frames the declaratory relief it seeks differently than the Pretrial Order. Because a Pretrial Order supercedes the pleadings, *State Treasurer of State of Michigan v. Barry*, 168 F.3d 8, 9-10 (11th Cir. 1999), we recount only the relief sought in the Pretrial Order.

[2]Although the jury's verdict appears to address only Arce and Beauford's counterclaims, judgment was entered as to all the claims in this case, and so this court's jurisdiction is proper under 28 U.S.C. § 1291. The declaratory judgment duty-to-defend claim was in the Pretrial Order, (R.282 at 1, R.5-277 at 1), evidence relevant to it was introduced, (R.12-421 at 293-94, R.13-422 at 116),

Arce argues that the district court erred in dismissing her civil conspiracy and intentional infliction of emotional distress claims on the ground that they were barred by Florida's economic loss rule.

Under Florida law, a plaintiff in contractual privity with a defendant cannot recover in tort for solely economic damages arising out of the breach of the contract. *Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 536-37 (Fla. 2004). Although Florida law does permit tort actions based on acts "independent from the acts that breached the contract," *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1996), the civil conspiracy and intentional infliction of emotional distress claims are based upon the same factual predicate as the bad faith claim arising out of Arce's insurance policy with Geico,[3] and even incorporate the same factual allegations by reference. (R.3-173 at 6, 8, 13.) Accordingly, we

---

the jury was instructed as to it, (R.20-428 at 20-21), and there was no objection to the special verdict form submitted to the jury (R.19-432 at 320). When a special verdict form is used which does not submit all issues in the trial to the jury, no objection is made, and the judge makes no findings as to those issues, the court "is considered to have made a finding consistent with its judgment on the special verdict." Fed. R. Civ. P. 49(a)(3). Accordingly, we consider that findings relevant to the declaratory judgment action were made in favor of Geico, the party for whom judgment was entered, and construe the judgment entered in favor of Geico to include its declaratory judgment action. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 973 n.39 (11th Cir. 2008) (final judgment can encompass claims not explicitly stated in the judgment).

[3]The district court even denied Geico's motion in limine to exclude evidence relating to any alleged civil conspiracy on the ground that any such evidence was also relevant to the bad faith claim. (R.7-360 at 2.)

3

conclude that the civil conspiracy and intentional infliction of emotional distress claims are both barred by Florida's economic loss rule, as they seek to recover for a purely economic loss which allegedly occurred as the result of actions Geico took in breach of its duties arising from the insurance policy. The district court correctly dismissed the civil conspiracy and intentional infliction of emotional distress claims.

Arce next argues that the district court abused its discretion in denying her motion for a new trial. Specifically, Arce argues that it was an abuse of discretion for the court not to give the jury instructions she requested. A district court abuses its discretion in refusing to give a requested jury instruction "if (1) the requested instruction correctly stated the law, (2) the instruction dealt with an issue properly before the jury, and (3) the failure to give the instruction resulted in prejudicial harm to the requesting party." *Roberts & Schaefer Co. v. Hardaway Co.*, 152 F.3d 1283, 1295 (11th Cir. 1998) (citation omitted). Arce argues, and Geico does not refute, that the instructions Arce requested correctly stated the law and dealt with issues before the jury. The dispute is whether the failure to give the instructions resulted in any prejudicial harm to Arce. We conclude that there was no prejudicial harm because the district court's instructions to the jury imparted the same information as the requested jury instructions.

First, Arce requested the following jury instruction, which the parties call the *Powell* instruction:

> Any question about the possible outcome of a settlement effort should be resolved in favor of the insured; the insurer has the burden to show not only that there was no realistic possibility of settlement within policy limits, but also that the insured was without the ability to contribute to whatever settlement figure that the parties could have reached.

(R. 7-399 at 2.) Arce could not have suffered any prejudicial harm from the district court's refusal to give the jury this instruction, as the district court properly instructed the jury on the same points of law. Specifically, the district court instructed the jury that, "If the proof fails to establish any essential part of the claim or a contention by a preponderance of the evidence, you should find against the party making the claim or contention." (R.20-428 at 19.) Accordingly, the jury was told that Geico bore the burden of proving its contentions regarding the futility of settlement negotiations, and that any failure to prove its contentions should be construed in favor of Arce.

Second, Arce requested the following jury instruction, which the parties call the *Berges* instruction, "The focus in a bad faith case is not on the actions of the claimant but rather on those of the insurer in fulfilling its obligations to the insured." (R.7-399 at 2.) But the district court's instructions to the jury were clear that the focus of the bad faith claim is on the actions of the insurer. For example, the instructions stated:

5

An insurance company acts in bad faith in failing to settle a claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her interests.

The insurer must conduct settlement negotiations in good faith to the interests of the insured wherever those interests might be divergent from the interests of the insurance company.

When the insured has surrendered to the insurer all control over the handling of the claim, including all decisions with regard to litigation and settlement, then the insurer must assume a duty to exercise such control and make such decisions in good faith and with due regard for the interests of the insured.

* * *

An insurer, in handling the defense of claims against its insured, has a duty to use the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business.

(R.20-428 at 20-21.) The instructions given to the jury adequately conveyed to jurors that they should focus on Geico's actions, and not the insured's, in rendering a verdict on the bad faith claim. Accordingly, there was no prejudice in the district court's refusal to give the requested *Berges* instruction. The district court properly denied Arce's motion for a new trial.

Finally, Arce argues that the district court erred in denying her Rule 50(a) motion for a judgment as a matter of law on Geico's claim seeking a declaration that it had no further duty to defend ("duty-to-defend claim"). Although Arce's argument

6

that the district court abused its discretion in concluding that Arce was judicially estopped to bring the motion may have some merit, we nonetheless affirm the district court's denial of the motion, as it was correct for a different reason. *See United States v. $121,100 in U.S. Currency*, 999 F.2d 1503, 1507 (11th Cir. 1993) (noting appellate court can affirm for any reason supported by the record). Geico sought a "declaration that it has no further duty to defend Arce from the claims of Beauford." (R.5-277 at 1.) The trial was filled with evidence regarding the scope of Geico's duty to defend Arce, and whether it had fulfilled that duty. Because there was evidence introduced at trial to support Geico's duty-to-defend claim, Arce was not entitled to judgment as a matter of law on it. *See Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1192-93 (11th Cir. 2004) (A party is entitled to judgment as a matter of law on a claim only when there is "no legally sufficient evidentiary basis for a reasonable jury" to find for the other party on that claim.). There was no error in the denial of Arce's Rule 50(a) motion.

In conclusion, the district court properly dismissed Arce's civil conspiracy and intentional infliction of emotional distress claims. The district court did not abuse its discretion in refusing to give the requested jury instructions. And, because Arce was not entitled to judgment as a matter of law on Geico's duty-to-defend claim, there was

7

no error in the district court's denial of her Rule 50(a) motion.  Accordingly, the judgment of the district court is affirmed.

AFFIRMED.