POLSTON, C.J.,
dissenting.
The Eleventh Circuit certified the following question:
Does an insurance broker provide a “professional service” such that the insurance broker is unable to successfully assert the economic loss rule as a bar to tort claims seeking economic damages that arise from the contractual relationship between the insurance broker and the insured?
No. This Court’s controlling precedent clearly answers the certified question in the negative. But without justification, the majority greatly expands the use of tort law at a cost to Florida’s contract law. Now, there are tort claims and remedies available to contracting parties in addition to the contractual remedies which, because of the economic loss rule, were previously the only remedies available.[10]
As noted in Indemnity Insurance Co. of North America v. American Aviation, Inc., 891 So.2d 532, 537 (Fla.2004), tort claims involving professional services are not barred by the economic loss rule. But this Court in Pierce v. AALL Insurance Inc., 531 So.2d 84 (Fla.1988), held that insurance agents are not considered “professional” for purposes of the professional malpractice statute of limitations. Pierce’s rationale concerning insurance agents applies with equal force to insurance brokers and requires the response to the Eleventh Circuit that insurance brokers do not provide professional services that would bar a defense under the economic loss rule.[11] That response is equally dictated by this Court’s decision in Garden v. Frier, 602 So.2d 1273, 1275 (Fla.1992), when we further reduced the definition of a “profes *1267 sional” under the professional malpractice statute to those “vocation[s] requiring at a minimum a four-year college degree before licensing is possible in Florida.” It is undisputed by the parties that a four-year college degree is not necessary to become licensed as an insurance broker.
Instead of simply answering the certified question that our cases clearly control, the majority obliterates the use of the doctrine when the parties are in contractual privity, greatly expanding tort claims and remedies available without deference to contract claims. Florida’s contract law is seriously undermined by this decision.
Accordingly, I respectfully dissent.
CANADY, J., concurs.

. The following examples illustrate the type of cases that are now overruled by the majority’s opinion and will make available a wide arsenal of tort claims previously barred by the economic loss rule. See, e.g., Geico Cas. Co. v. Arce, 333 Fed.Appx. 396, 398 (11th Cir.2009) (applying Florida law and barring civil conspiracy claim alleging failure to abide by contractual duty to defend); Mount Sinai Med. Ctr. of Greater Miami, Inc. v. Heidrick & Struggles, Inc., 188 Fed.Appx. 966, 969 (11th Cir.2006) (applying Florida law and barring fraudulent misrepresentation claims alleging failure to provide correct information under the terms of a CEO search contract); Royal Surplus Lines Ins. Co. v. Coachman Indus., 184 Fed.Appx. 894, 902 (11th Cir.2006) (applying Florida law and barring insurer’s tort actions alleging insured’s failure to provide information under the terms of a cooperation clause); Cessna Aircraft Co. v. Avior Techs., Inc., 990 So.2d 532, 538 (Fla. 3d DCA 2008) (barring negligence claim against aircraft repair company for failed contracted-;for repairs to aircraft); Taylor v. Maness, 941 So.2d 559, 564 (Fla. 3d DCA 2006) (barring cause of action alleging fraudulent failure to perform under the contract and sell real property to plaintiffs); Straub Capital Corp. v. L. Frank Chopin, P.A., 724 So.2d 577, 579 (Fla. 4th DCA 1998) (barring action alleging negligent misrepresentation by a landlord after he failed to timely build and provide space to tenants under the terms of their contract); Smith v. Bd. of Regents ex rel. Florida A&M Univ., 701 So.2d 348, 349 (Fla. 1st DCA 1997) (barring cause of action brought-by university professor alleging negligence by the Board of Regents and his bank in potentially breaching their duties under employment and deposit contracts); Hotels of Key Largo v. RHI Hotels, 694 So.2d 74, 77 (Fla. 3d DCA 1997) (barring action alleging fraudulent failure to adequately provide increased reservations and hotel management services under the contract).

. The services of Marsh & McLennan Companies certainly appear professional to me under the rationale given by Justice McDonald in his dissenting opinion in Pierce: “If the act is one’ which involves giving advice, ■ using superior knowledge and training of a technical nature, or imparting instruction and recommendations in the learned arts then the act is one of a professional.” 531 So.2d at 88 ’ (McDonald, J., dissenting) (quoting Pierce, 513 So.2d at 161). But this definition was expressly rejected by the Court in Pierce.