STATE, *ex rel.* JOSE QUINTANA, v. CHAS. E. CULBREATH, as Clerk of the Circuit Court for Hillsborough County.

179 So. 409.

En Banc.

Opinion Filed February 25, 1938.

*Gibbons, Vega & Gibbons,* for Relator;

*Wm. M. Taliaferro, H. C. Tillman, Cary D. Landis.* Attorney General, and *Wm . P. Allen,* Assistant Attorney General, for Respondent.

TERRELL, J.—The alternative writ herein alleged that Relator owns certain lands in Hillsborough County that were assessed and sold to the State for the non payment of

State and County taxes for the years 1931 and 1932; that in July, 1937, he caused said certificates to be advertised and sold pursuant to Chapter 18296, Acts of 1937; that Relator was the highest and best bidder for said certificates and that said certificates were assigned to him November 17, 1937, showing payment of all past due taxes except for the year 1937. The writ prays that Respondent be required to perform said certificates to show and include payment of State and County taxes on the lands therein described for the year 1937 and make proper record of the payment thereof or show cause why he refuses to so do.

The return admits the material allegations of the alternative writ but says that Respondent refused to include the taxes for 1937 in the cancelled certificates because said taxes had not been levied and assessed and that in following this procedure, he acted on legal advise to the effect that only taxes which had been actually levied at the time of the sale could be included in the certificates.

The return raises the sole question of whether or not a sale of tax certificates under Chapter 18296, Acts of 1937, made July 15, 1937, should show payment of and include taxes for the year in which the sale was made.

Section 3 of Chapter 18296, Acts of 1937, defining the duties of the Clerk of the Circuit Court gives a complete answer to this question, the pertinent part of which is as follows:

"He will sell at public outcry to the highest and best bidder for cash, tax certificates covering the lands to be described in said notice, together with all omitted or subsequent taxes including years for which said sale is made."

The provision quoted shows clearly that the sale of the certificates should include subsequent taxes including the years for which the sale is made. The fact that the taxes

have not been levied is not a sufficient defense. The statute in this respect is not materially different from other redemption statutes that have been passed from time to time, particularly Section 992, Compiled General Laws of 1927, as amended by Chapter 14572, Acts òf 1929. Computation of the subsequent taxes may follow in like manner as the latter statute if no levy has been made at the time of sale.

The motion for peremptory writ, notwithstanding the return, was in order and is granted.

ELLIS, C. J., and WHITFIELD, BROWN, BUFORD, and CHAPMAN, J. J., concur.