E. B. LEATHERMAN, Clerk Circuit Court, Dade County, v. STATE, *ex rel.* THE SOMERSET COMPANY.

182 So. 831.
Opinion Filed July 27, 1938.

*George Couper Gibbs,* Attorney General, *W. P. Allen,* Assistant Attorney General, and *Bart A. Riley,* for Plaintiff in Error;

*Milam, McIlvaine & Milam,* for Defendant in Error.

TERRELL, J.—During the years 1931 and 1932, certain tax certificates were issued for the non payment of taxes on described lands in Dade County which accrued prior to the latter year. The fee owner took advantage of Chapter 16252, Acts of 1933, known as the Futch Act and paid all taxes on said lands for the years 1932 to 1936, inclusive. In 1938, the Clerk of the Circuit Court by request of the owner, advertised said certificates for sale under Chapter 18296, Acts of 1937, known as the Murphy Act but refused to receipt for the taxes on said lands for the years 1937 and 1938.

This suit was brought by the owner as Relator, defendant in error here, to coerce the Clerk of the Circuit Court to issue his receipt for the subsequently omitted taxes for the years 1937 and 1938. A motion to quash was overruled, the Respondent declined to plead further so the peremptory writ was ordered. Writ of error was prosecuted to the latter decree.

The question presented is whether or not the Clerk of the Circuit Court when making sale in 1938 of tax certificates under Chapter 18296, Acts of 1937, that have been dealt

with under Chapter 16252, Acts of 1933, is required to give his receipt for 1937 and 1938 taxes.

Pertinent to this question, Chapter 16252, Acts of 1933, provides that all tax certificates held by the State for taxes of 1931 and prior years shall be held until July 1, 1938, subject to sale to no other than the owner of the fee. It further provides that taxes for the year 1933 and subsequent years shall be assessed against said lands in the same manner as if no tax certificates were outstanding. If the subsequently assessed taxes become delinquent, they are required to be handled under the general law in the same manner as other delinquent taxes are handled.

The plaintiff in error contends that in view of the foregoing provisions of Chapter 16252, Acts of 1933, and the general purpose of Chapter 18296, Acts of 1937, to apply only to lands that were delinquent and yielding no revenue, that receipts for subsequently omitted taxes for the years 1937 and 1938 should not be issued as requested.

This contention might be conclusive except for the provisions of Section 8 of Chapter 18296, Acts of 1937, as follows:

"Upon application of the owner of the fee title of the lands covered by any tax certificates dealt with or referred to in Chapter 16252 of the Laws of 1933, known as the Futch Act, such tax certificates or subsequent omitted or levied taxes shall be subject to sale under the provisions of this Act."

Plaintiff in Error contends that this section applies only to omitted taxes on property covered by tax sale certificates sold previous to the passage of Chapter 16252, Acts of 1933, and that to construe it otherwise would render it unconstitutional.

The Legislature may make an Act as restrictive or as all inclusive as it may see fit and the courts should give effect

to the intent of the Legislature. We find nothing in the body of the Act to support the limitation contended for. By the plain terms of Section 8 its purpose appears to be to place certificates that have been dealt with under Chapter 16252, Acts of 1933, on the same level as other certificates covered by Chapter 18296, Acts of 1937, and we so hold. A taxpayer invoking the provisions of Chapter 16252, Acts of 1933, is still a delinquent taxpayer and the intent of Chapter 18296, Acts of 1937, appears to be to reach all such taxpayers. Messer v. Lang, 129 Fla. 546, 176 So. 548; State, *ex rel.* Quintana, v. Culbreath, 131 Fla. 848, 179 So. 409.

The judgment below is therefore affirmed.

Affirmed.

WHITFIELD and CHAPMAN, J. J., concur.

ELLIS, C. J., and BUFORD, J., dissent.

BROWN, J., not participating.

BUFORD, J. (dissenting).—I am unable to concur with the conclusion reached in the opinion prepared by Mr. Justice TERRELL. It is my opinion that when the owner dealt with delinquent taxes under provisions of Chapter 16252, Acts of 1933, it thereby put its lands back on the tax rolls with the obligation to pay the taxes legally assessed for each and every year thereafter. The subsequent assessments had the same force and effect which they would have if the owner had paid the then delinquent taxes in full instead of paying only a portion thereof and acquiring the right to pay the balance in installments over a period of five years, during which time and so long as it paid currently assessed taxes and the stated installments on delinquent taxes, he was protected against foreclosure of such tax liens. By this procedure the owner revived and put new life into what had been dormant.

I think that the conclusion reached in the opinion, *supra,* creates an inequality and discrimination in taxation which violates organic law.