372 So.2d 530 (1979)
John LUCIANI and Virginia Luciani, His Wife, Appellants,
v.
Richard T. HIGH, James A. Winchester, Karl Riddle and Reliance Homes, Inc., a Florida Corporation, Individually and Severally, Appellees.
No. 78-560.
District Court of Appeal of Florida, Fourth District.
June 29, 1979.
*531 Gary I. Zwickel, of Renick, Zwickel & Gross, Lake Worth, for appellants.
Donald L. Brooks, of L.M. Taylor, Lawyers, North Palm Beach, for appellee Riddle.
DOWNEY, Chief Judge.
This is an appeal from a final judgment entered subsequent to an order granting a judgment on the pleadings in favor of the defendant-appellee-Riddle.
Appellants sued appellees in a five count amended complaint for damages arising out of the construction of their single family residence. Counts IV and V were directed solely against appellee Riddle. Said counts charged that Riddle, a duly registered and licensed engineer, was employed by one or all of the appellees to perform the necessary testing and examination of the land upon which the residence was to be built; that Riddle negligently performed the tests resulting in damage to appellants' property. Appellee Riddle answered said amended complaint, and after the cause was at issue Riddle moved for a judgment on the pleadings. The grounds of said motion were that the appellants had not contracted with Riddle and that privity of contract was necessary to support the appellants' claim against Riddle. Said motion for judgment on the pleadings was granted and ultimately a final judgment was entered thereon.
It seems to us the theory alleged in the complaint against Riddle is one for economic loss proximately caused by the negligent performance of a contractual duty. Riddle is charged with negligently performing the tests on the land upon which the residence was to be built. The mere fact that Riddle was employed by the contractor rather than the owner to perform the necessary testing does not absolve him from liability to the owner for negligent testing resulting in damage to the owner. Riddle is liable not only to one in privity with him but also to those third persons who might foreseeably be injured as a result of his negligence. Audlane Lumber & Builders Supply, Inc. v. D.E. Britt Associates, Inc., 168 So.2d 333 (Fla. 2d DCA 1964); A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973). Thus, it was error to grant the motion for judgment on the pleadings.
During the earlier stages of the pleadings appellee Riddle filed a motion for more definite statement regarding the alleged contract between Riddle and his employer. We think the resolution of this case would be facilitated by granting such motion and requiring a more particular specification of the services contracted for.
REVERSED AND REMANDED.
CROSS and BERANEK, JJ., concur.