458 So.2d 76 (1984)
Frank J. CRISTICH, et al., Appellants,
v.
ALLEN ENGINEERING, INC., Appellee.
Nos. 83-813, 83-1059.
District Court of Appeal of Florida, Fifth District.
November 1, 1984.
*77 Richard H. Miller of Crofton, Holland, Starling, Harris & Severs, P.A., Titusville, for appellants.
Ted R. Brown of Maguire, Voorhis & Wells, P.A., Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellants Frank J. Cristich and Tom S. Clark filed suit against appellee Allen Engineering to recover for damages sustained as a result of an erroneous survey. The survey was prepared on an apartment complex and was certified accurate as of January 18, 1980, on the order of Johnson L. and Sally Murphy. On May 21, 1980, the Murphys entered into a contract to sell the apartment complex to appellants and furnished them with a copy of the survey.
Appellants claimed that they relied on the survey in deciding to buy the property and subsequently discovered that the dimensions, size and volume of the apartment units were not in accord with the survey.[1] Appellee affirmatively alleged that the action was barred by the statute of limitations. Appellants actually discovered the errors in the survey on October 10, 1980, when their workmen were preparing to install carpet and did not commence this action until November 9, 1982, more than two years later. The trial court granted appellee's motion for summary judgment, finding that the two-year statute of limitations for professional malpractice applied here.
Section 95.11, Florida Statutes (1981), provides in relevant part that:
Actions other than for recovery of real property shall be commenced as follows:
(4) WITHIN TWO YEARS
(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice *78 shall be limited to persons in privity with the professional.
Appellants argue that this two year statute of limitations does not apply here because (1) this case does not involve a "professional act," and (2) even if it does, appellants were not "persons in privity with the professional" and hence the two year limitation period is inappliable to them under the express language of the statute. If this limitation period is inapplicable here, then appellants would have four years within which to bring suit under the statute of limitations governing general negligence actions. See § 95.11(3)(a), Fla. Stat. (1981).[2]
We believe that a "professional act" is involved here and that section 95.11(4)(a) applies to the alleged malpractice of appellee, a surveyor, just as it applies to attorney malpractice. See, e.g., Rosa v. Roth, 442 So.2d 323 (Fla. 3d DCA 1983); Cherney v. Moody, 413 So.2d 866 (Fla. 1st DCA 1982). The legislature has not provided a definition of "professional malpractice" in Chapter 95 nor has listed what particular professions are encompassed within the term. Webster's New Collegiate Dictionary (1979) defines "Professional" as one who is "engaged in one of the learned professions." "Profession" is defined as "a calling requiring specialized knowledge and often long and intensive academic preparation."
Land surveying is regulated by the Board of Land Surveyors, Department of Professional Regulation, pursuant to Chapter 472, Florida Statutes (1981). Section 472.005 includes the following definition:
(4)(a) `Practice of land surveying' means, among other things, any professional service or work, the adequate performance of which involves the application of special knowledge of the principles of mathematics, the related physical and applied sciences, and the relevant requirements of law for adequate evidence of the act of measuring, locating, establishing, or reestablishing lines, angles, elevations, natural and man-made features in the air, on the surface and immediate subsurface of the earth, within underground workings, and on the beads or surface of bodies of water, for the purpose of determining or establishing the facts of size, shape, topography, tidal datum planes, legal or geodetic location or relocation, and orientation of improved or unimproved real property and appurtenances *79 thereto, including acreage and condominiums.
This definition reveals that land surveying requires a great degree of specialized knowledge. This knowledge is generally derived from extensive academic preparation and indeed before one can sit for the surveyor's licensing exam in this state, he must either have graduated from a university surveying program and have at least two years experience in land surveying under a professional land surveyor, or have at least eight years experience under a land surveyor. See § 472.013, Fla. Stat.
We conclude that the preparation of a survey, involving as it does such intricate knowledge of mathematics, geography and the physical sciences, is a "professional act." Therefore, it is encompassed within section 95.11(4)(a), Florida Statutes. We recognize that the Fourth District, in Toledo Park Homes v. Grant, 447 So.2d 343 (Fla. 4th DCA 1984) has concluded otherwise.
The second and more difficult issue involves the last sentence in section 95.11(4)(a) which reads, "However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional." Appellants position is that since the sellers of the property contracted with appellee for the survey, they are not in privity and are not limited to the two year limitation period.
Undoubtedly the survey was prepared by appellee with the knowledge and intent that it would be relied upon by purchasers of the property because it was part of the condominium documents furnished to purchasers. See First American Title Ins. Co. v. First Title Service Co., 457 So.2d 467 (Fla. 1984). Appellants, as intended and known beneficiaries of the surveying contract, stand in the shoes of the party contracting for them and can have no greater right than a party to the contract. It would be incongruous to hold that one who deals directly with the professional is limited to two years within which to institute suit while the one who does not, but for whom the agreement is made, can assert a cause of action against the professional within four years. We hold that the court correctly applied the two year statute of limitations.
AFFIRMED.
DAUKSCH, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
I disagree that these purchasers (Frank J. Cristich, et al.) of real estate are in "privity" with the surveyor (Allen Engineering, Inc.), for purposes of applying the two year statute of limitations of section 95.11(4)(a), Florida Statutes (1981).[1] In this case, the purchasers sued Allen Engineering for damages allegedly caused them by its negligent performance of professional duties in preparing a survey for the Murphys, the prior owners of the property. At the time the survey was done for the Murphys the purchasers had not contracted to buy the property. Nor does the record show that when the survey was prepared the purchasers knew anything about the Murphys' property, nor that the Murphys knew anything about the purchasers.[2]
*80 The surveyor's potential liability in this case does not depend on a finding that the purchasers and the surveyor were "in privity" with one another. For example, in Navajo Circle, Inc. v. Development Concepts, 373 So.2d 689 (Fla. 2d DCA 1979), the Second District, while finding no privity of contract between the plaintiffs, a condominium association and owner of a unit in the condominium, and the defendant architects who supervised construction of the building, nevertheless allowed the plaintiffs action for negligence in the construction of the condominium to stand. The court stated:
The issue in any negligence action is whether the injury resulted from defendant's violation of a legal duty owed to the plaintiff. The threshold question, therefore, is whether these defendants have a legal duty to plaintiffs. `[T]he absence of contractual privity between plaintiff and defendant does not affect plaintiff's tort claim, provided plaintiff can establish the existence of a duty between the parties, and defendant's breach of such duty, with the proximate result that plaintiff suffered the damages of which it complains.' Detweiler Bros., Inc. v. John Graham & Co., 412 F. Supp. 416, 419 (E.D.Wash. 1976). See also Cooper v. Jevne, 56 Cal. App.3d 860, 128 Cal. Rptr. 724 (Ct.App.2d 1976).
The duty owed by a defendant to a plaintiff may have sprung from a contractual promise made to another; however, the duty sued on in a negligence action is not the contractual promise but the duty to use reasonable care in affirmatively performing that promise. The duty exists independent of the contract. Existence of a contract may uncontrovertibly establish that the parties owed a duty to each other to use reasonable care in performance of the contract, but it is not an exclusive test of the existence of that duty. Whether a defendant's duty to use reasonable care extends to a plaintiff not a party to the contract is determined by whether that plaintiff and defendant are in a relationship in which the defendant has a duty imposed by law to avoid harm to the plaintiff.
373 So.2d at 691. See also Luciani v. High, 372 So.2d 530 (Fla. 4th DCA 1979) (engineer liable to homeowner for negligence in testing land on which house was located, even though he was employed by the contractor who built house).
However, the majority has concluded that the purchasers' suit against the surveyor is barred because they were "in privity" with the surveyor. In a recent case, First American Title Insurance Company, Inc. v. First Title Service Company of The Florida Keys, Inc., 457 So.2d 467 (Fla. 1984), the Florida Supreme Court reaffirmed its prior view that a buyer of real estate is not in privity with the seller (nor with the seller's abstract company) for purposes of establishing the right of the buyer to sue the abstractor who prepared an abstract of title for the seller. See Sickler v. Indian River Abstract and Guaranty Co., 142 Fla. 528, 195 So. 195 (1940). In First American Title Insurance Company, the court quoted Sickler:
An abstractor is liable in damages for injuries resulting from wrongful or negligent errors, defects or omissions in an abstract prepared and furnished by him... . [H]is liability is not in tort, but is contractual.
* * * * * *
The general rule is that the liability of an abstractor extends only to the person employing him, or to one who is a party of privy to the contract of employment.
* * * * * *
The negligence or unskillfulness of an abstractor does not render him liable to the alienee, devisee, or other successor in interest [to the one] employing him, or other persons with whom there is no privity of contract. (Emphasis supplied).
*81 457 So.2d at 468 (quoting Sickler at 142 Fla. at 532-33, 195 So. at 197-98).
Since successor owners of land are not (in general) in privity with the prior owner's abstract company, I conclude that they are also not in privity with the prior owner's surveyor  absent an extraordinary showing, which is simply not made in this record. As noted above, there is no basis in this record to conclude that this survey was ordered for the use of these purchasers, or that the surveyor company knew these purchasers would rely on the survey. Cf. First American Title, at 470. I would reverse the summary judgment which can only be sustained on the basis of finding that these purchasers were in privity with the surveyor.
NOTES
[1] Appellants claimed damages due to: (1) an increase in the cost of renovating the apartments because they varied in size and were not one size as the survey had indicated, (2) fees incurred in preparing new condominium documents to reflect a corrected survey, and (3) loss in the re-sale value of each unit because of their irregular dimensions and in some cases, lower than indicated ceilings.
[2] Appellants claim that section 95.11(3)(c), Florida Statutes, which contains a four year statute of limitations, is the appropriate statute of limitations here. That subsection provides:

(3) Within four years:
(c) An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer, whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. In any event, the action must be commenced within 15 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer, whichever date is latest.
In Kelley v. School Board of Seminole County, 435 So.2d 804 (Fla. 1983), the supreme court, while rejecting this court's conclusion that the statute of limitations had not run on the school board's claim for defective roofs, agreed that the statute of limitations found in (3)(c) and not the one found in (4)(a) was applicable. 435 So.2d at 805, n. 2. The basis for this conclusion was that the case involved alleged architectural errors in the design of the roofs and the language of (3)(c) was more specifically applicable to the situation. See generally, Carcaise v. Durden, 382 So.2d 1236 (Fla. 5th DCA 1980) (generally a special statute of limitations which addresses itself to specific matters will take precedence over a general statute). Here, (3)(c) is not applicable as it applies to actions "founded in the design, planning, or construction of an improvement to real property." The survey in this case was not a designing, planning or constructing function related to the improvement of real property.
[1] other than for recovery of real property shall be commenced as follows:
* * * * * *
(4) WITHIN TWO YEARS. 
(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.
[2] There is nothing in the record in this case to support the statement in the majority opinion that this survey was prepared for these purchasers except in an extremely general sense, that any future purchaser, be it developer or condominium unit owner, would rely on the condominium documents. The facts are that the survey was completed and certified on January 18, 1980. It was furnished by the Murphys with other condominium documents to the Florida Division of Condominiums and it formed part of the recorded documents for the condominium. However, not until April of 1980 did these purchasers become interested in buying the project. At that time, the Murphys gave them a copy of the survey, which they allege they relied upon in entering into the contract to purchase (on May 1980), and in closing (on June and August of 1980).