566 So.2d 850 (1990)
PENSACOLA EXECUTIVE HOUSE CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
BASKERVILLE-DONOVAN ENGINEERS, INC., Appellee.
No. 89-2822.
District Court of Appeal of Florida, First District.
August 30, 1990.
Ronald W. Ritchie, of Ritchie & Kellar, Pensacola, for appellant.
*851 David H. Burns and Mark E. Holcomb, of Huey, Guilday, Kuersteiner & Tucker, P.A., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant, a condominium homeowners' association and plaintiff below, brings this appeal from a final summary judgment entered on the basis that appellant's cause of action was barred by Section 95.11(4)(a), Florida Statutes, the two-year professional malpractice statute of limitations. We reverse.
In May 1981, appellee, a Florida engineering corporation, prepared an "engineering report" for Executive House, Inc., a Florida corporation which then owned the subject premises as an apartment complex. The report was written in compliance with Chapter 718, Florida Statutes, in order to evaluate the "general mechanical, structural, and electrical condition of the Executive House Apartments, which are proposed for conversion to a condominium complex." According to the affidavits filed in support of the motion for summary judgment, the engineering report was prepared with the knowledge and intent that it would be provided to prospective purchasers of the condominium units.
On June 3, 1983, a group of unit owner-members and directors of the appellant association filed an administrative condominium complaint with the Bureau of Condominiums specifically alleging that the report was improperly prepared and misrepresented the actual conditions of the roof, and that the roof had been in poor condition since July 1982. These allegations were dismissed by the Bureau as being outside its jurisdiction. Appellant did not then file its civil complaint in circuit court against appellee until April 30, 1986.
Appellee ultimately moved for summary judgment asserting the claim was barred by Florida's two-year statute of limitations for professional malpractice as set forth in section 95.11(4)(a). In granting the motion, and in entering final summary judgment, the trial court found that appellant had knowledge of its potential claim against appellee on or before June 3, 1983, but failed to file its complaint until April 30, 1986. The court also found that the two-year statute of limitations for actions based on professional malpractice was applicable to appellant's cause of action, citing Cristich v. Allen Engineering, Inc., 458 So.2d 76 (Fla. 5th DCA 1984).
Three points are now raised on appeal challenging the final summary judgment. The first point questions the constitutionality of section 95.11(4)(a); however, that question was not raised before the trial court and is not one that may be raised for the first time on appeal within the exception discussed in Glendale Federal Savings and Loan Association v. State, Department of Insurance, 485 So.2d 1321 (Fla. 1st DCA), rev. denied, 494 So.2d 1150 (Fla. 1986).
The second issue questions whether an engineer is a "professional" for purposes of applying the statute. We conclude that an engineer is a professional as that term was recently defined by the supreme court in Pierce v. AALL Insurance, Inc., 531 So.2d 84 (Fla. 1988).
The final point questions whether appellant and all condominium unit owners for whom it brought this action are in privity with appellee for purposes of applying section 95.11(4)(a). On this point we must reverse.
Section 95.11(4)(a) provides in relevant part that:
Actions other than for recovery of real property shall be commenced as follows:
(4) WITHIN TWO YEARS. 
(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the profession (emphasis added).
In Cristich v. Allen Engineering, Inc., relied on by the trial court, the appellants *852 filed suit against the appellee engineering firm to recover for damages sustained as a result of an erroneous survey prepared on an apartment complex on the order of the sellers. The sellers ultimately entered into a contract to sell the complex to the appellants and furnished them with the copy of the survey. The appellants claimed that they relied on the survey in deciding to buy the property and subsequently discovered the dimensions, size and volume of the apartment units were not in accord with the survey. The trial court granted the appellee's motion for summary judgment finding that section 95.11(4)(a) applied.
On appeal, the appellants argued that the statute of limitations did not apply because the case did not involve a professional act, and even if it did, the appellants were not "persons in privity with the profession" for purposes of the statute of limitations.
Concluding that a "professional act" was indeed involved in that cause, the Fifth District Court of Appeal, in a two-member majority (Sharp, J., dissenting) held that section 95.11(4)(a) was correctly applied insofar as it would be
... incongruous to hold that one who deals directly with a professional is limited to two years within which to institute suit while the one who does not, but for whom the agreement is made, can assert a cause of action against the professional within four years.
458 So.2d at 79. In so holding, the majority observed that the survey had been prepared with the knowledge and intent that it would be relied upon by the purchasers of the property, citing First American Title Insurance Company, Inc. v. First Title Service Company of the Florida Keys, Inc., 457 So.2d 467 (Fla. 1984).
For the following reasons, we are compelled to disagree with the Fifth District's conclusion in Cristich. Section 95.11(4)(a) is specifically limited in application "to persons in privity with a professional." The decision by the supreme court in First American Title Ins. Co. v. First Title Service Co., and its more recent decision in First Florida Bank, N.A. v. Max Mitchell & Co., 558 So.2d 9 (Fla. 1990), do not expand that limitation. Rather, those decisions relax the privity limitation on liability by expanding the class of persons who could bring a cause of action against a professional beyond those in strict contractual privity with the professional.
For instance, in First Florida Bank v. Max Mitchell & Co., the supreme court addressed the certified question of whether an accountant is liable to a third party in negligence for the damages suffered by the third party as a result of the accountant's failure to use reasonable and ordinary care in the preparation of a financial statement, where the accountant delivered and presented the statement to the third party to induce that party to loan or to invest in the accountant's client, despite a lack of privity between the accountant and the third party. In answering the question in the affirmative, the supreme court observed:
Because of the heavy reliance upon audited financial statements in the contemporary financial world, we believe permitting recovery only from those in privity or near privity is unduly restrictive. On the other hand, we are persuaded by the wisdom of the rule which limits liability to those persons or classes of persons whom an accountant "knows" will rely on his opinion rather than those he "should have known" would do so... .
558 So.2d at 15. Thus, the supreme court adopted the rationale of section 552, Restatement (Second) of Torts (1976) as setting forth the circumstances under which an accountant may be held liable in negligence to persons who are not in contractual privity. Under that section, a professional who, in the course of his profession, supplies false information for the guidance of others in their business transactions,
is subject to liability for pecuniary loss caused to them by their justifiable reliance on the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
The professional's liability is limited to loss suffered

*853 (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and ... (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
Earlier, in First American Title Insurance Co. v. First Title Service Co., the supreme court decided the extent of an abstractor's liability to third persons holding that
[w]here the abstractor knows, or should know, that his customer wants the abstract for the use of a prospective purchaser, and a prospect purchases the land relying on the abstract, the abstractor's duty of care runs, ... not only to his customer but to the purchaser. Moreover, others involved in the transaction through their relationship to the purchaser  such as lender-mortgagees, tenants and title insurers  will also be protected where the purchaser's reliance was known or should have been known to the abstractor. But a party into whose hands the abstract falls in connection with a subsequent transaction is not among those to whom the abstractor owes a duty of care.
Based on the foregoing, it is clear that "privity" has not been redefined by the supreme court. Rather, by way of these opinions the court has simply identified parties not in direct contractual privity, or even in "near privity," who may sue the professional. Notwithstanding, the legislature in enacting section 95.11(4)(a) chose to limit its application only to those "in privity" with the professional. In A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973), the supreme court discussed product's liability theory and held an architect liable for negligence causing financial loss to a contractor with whom the architect had no direct contractual relationship. In doing so, it stated that "[p]rivity is a theoretical device of the common law that recognizes limitation of liability commensurate with compensation for contractual acceptance of risk." Id. at 399. Whether in the instant case appellee may properly be held liable to appellant for negligent preparation of an engineering report ordered by the original owner of the apartment complex was not an issue before the trial court. However, it is abundantly clear in the record that appellant was not in direct contractual privity with appellee for purposes of the preparation of the report. Consequently the two-year professional malpractice statute of limitations, section 95.11(4)(a), did not apply to bar appellant's cause of action and we must reverse the final summary judgment in favor of appellee and remand the cause for further proceedings.
REVERSED and REMANDED for further proceedings consistent with this opinion.
BARFIELD and WOLF, JJ., concur.