581 So.2d 1301 (1991)
BASKERVILLE-DONOVAN ENGINEERS, INC., Petitioner,
v.
PENSACOLA EXECUTIVE HOUSE CONDOMINIUM ASSOCIATION, INC., Respondent.
No. 76755.
Supreme Court of Florida.
June 13, 1991.
David H. Burns and Mark E. Holcomb of Huey, Guilday, Kuersteiner & Tucker, P.A., Tallahassee, for petitioner.
Ronald W. Ritchie, Naples, for respondent.
BARKETT, Justice.
We review Pensacola Executive House Condominium Association, Inc. v. Baskerville-Donovan Engineers, Inc., 566 So.2d 850 (Fla. 1st DCA 1990), to resolve express and direct conflict with Cristich v. Allen Engineering Inc., 458 So.2d 76 (Fla. 5th DCA 1984).[1] The issue is whether the two-year statute of limitations set forth in section 95.11(4)(a), Florida Statutes (1983),[2] applies only to malpractice actions where *1302 direct privity of contract exists between the plaintiff and the professional. We hold that it does and that the trial court erred in dismissing the plaintiff's suit.
In 1981, Executive House, Inc., the owner of an apartment complex in Pensacola, hired Baskerville-Donovan Engineers, Inc. to prepare a report in connection with the conversion of the apartment complex into residential condominiums as provided by Part VI of chapter 718, Florida Statutes (1981). The report was prepared to comply with the statute and regulations set forth in Florida Administrative Code Rule 7D-24.004.
On June 3, 1983, a group of unit owners and directors of the Pensacola Executive House Condominium Association, Inc. (Association) filed a complaint with the Bureau of Condominiums[3] against Executive House, Inc., and Baskerville-Donovan, alleging that the report was improperly prepared, that the report misrepresented the actual condition of the roof, and that the roof had been in poor condition since July 1982. On August 10, 1983, the Bureau declared these allegations to be outside its jurisdiction. The Association subsequently filed suit in circuit court on April 30, 1986, alleging that Baskerville-Donovan inadequately examined the roof and inaccurately prepared the report, causing damage to the Association and its members. The trial court granted Baskerville-Donovan's motion for summary judgment on the ground that the lawsuit was barred under the two-year statute of limitations for professional malpractice, section 95.11(4)(a). The First District Court of Appeal found no direct privity between the parties and reversed, concluding that section 95.11(4)(a) was applicable only where "direct contractual privity" exists.
Section 95.11(4)(a) creates a two-year limitations period for suits brought for professional malpractice where the parties are in privity. In the absence of this statute, suits grounded in contract would be subject to the limitations period of five years as set forth in section 95.11(2)(b), Florida Statutes (1983). Likewise, suits brought in tort would be governed by the four-year statute of limitations pertaining to general negligence actions. See id. § 95.11(3)(a). In this case, the Association is suing in tort for negligence. Accordingly, if section 95.11(4)(a) does not apply, the Association's cause of action falls under the four-year limitation and would not be time-barred.
Both parties agree that this action involves professional malpractice. Likewise, the parties agree that there is no direct contractual privity between them. However, Baskerville-Donovan argues that the concept of privity encompasses the relationship between a professional and third-party beneficiaries who are known and intended beneficiaries of the professional's services. The Association maintains that the term is clear, needs no interpretation, and is used in the direct contractual sense.
In Cristich v. Allen Engineering, Inc., 458 So.2d at 76, the Fifth District held that purchasers of an apartment complex were the known and intended beneficiaries of a survey prepared by a surveyor pursuant to a contract with the original seller. The court determined that such known and intended beneficiaries should have had no greater rights in a malpractice action than would the original seller. Thus the court concluded that the action was governed by the two-year, rather than the four-year, statute of limitations.
The court below disagreed with Cristich and held that "privity" must be construed for purposes of section 95.11(4)(a) to mean direct contractual privity. We agree.
The duty of this Court in construing statutory language is to determine what the legislature intended when it passed the statute. Shelby Mut. Ins. Co. v. Smith, 556 So.2d 393, 395 (Fla. 1990). We are confined in the first instance to the plain meaning of the words the legislature chose to employ. Id. Furthermore, the legislature *1303 is presumed to know the meaning of the words chosen and to have expressed its intent by use of those words. S.R.G. Corp. v. Department of Revenue, 365 So.2d 687 (Fla. 1978). When words or terms are not specifically defined in the statute, such words must be given their plain or ordinary meaning. E.g., Citizens v. Public Serv. Comm'n, 425 So.2d 534 (Fla. 1982). Finally, statutes should be construed with reference to the common law, and we must presume that the legislature would specify any innovation upon the common law. Ellis v. Brown, 77 So.2d 845, 847 (Fla. 1955).
In addition to these principles governing statutory construction generally, we must also consider principles specifically governing statutes of limitations. Statutes of limitations bar the enforcement of an otherwise valid cause of action. The purpose is to "protect against the risk of error in decisions concerning the merits of such claims which results from the difficulty of obtaining evidence of events which transpired and circumstances which prevailed in the remote past." 3A Sutherland Statutory Construction § 70.03, at 493 (Sands 4th ed. 1986). Where a statute of limitations shortens the existing period of time the statute is generally construed strictly, and where there is reasonable doubt as to legislative intent, the preference is to allow the longer period of time. See Haney v. Holmes, 364 So.2d 81 (Fla.2d DCA 1978), appeal dismissed, 367 So.2d 1124 (Fla. 1979).
Applying these rules of construction leads us to conclude that the term "privity" as used in section 95.11(4)(b) means direct contractual privity. The term "privity" is a word of art that derives from the common law of contracts. It is commonly used to describe the relationship of persons who are parties to a contract. See 4 Corbin on Contracts § 772, at 2 (1951). At early common law, only those in direct privity to a contract could sue on a contract. The doctrine of third-party beneficiary merely modified the common law to allow suits upon a contract despite the absence of direct contractual privity under narrowly defined circumstances. See Lawrence v. Fox, 20 N.Y. 268 (1859).
Third-party beneficiary principles have also been employed recently in tort law to expand liability where a duty of care exists between a third party and a professional, again despite the lack of direct contractual privity. However, this Court has clearly distinguished between privity and duty of care as separate means of proving a professional's liability. Clearly, privity between the parties may create a duty of care providing the basis for recovery in negligence. See, e.g., Angel, Cohen & Rogovin v. Oberon Inv., N.V., 512 So.2d 192 (Fla. 1987) (attorneys are liable in negligence to clients with whom they share privity of contract). However, lack of privity does not necessarily foreclose liability if a duty of care is otherwise established. See, e.g., First Florida Bank, N.A. v. Max Mitchell & Co., 558 So.2d 9 (Fla. 1990); McAbee v. Edwards, 340 So.2d 1167 (Fla. 4th DCA 1976) (attorney preparing will has duty to client's intended beneficiaries). Thus, the two terms are not interchangeable. As the First District noted below:
Section 95.11(4)(a) is specifically limited in application "to persons in privity with a professional." The decision by the supreme court in First American Title Ins. Co. v. First Title Service Co., [457 So.2d 467 (Fla. 1984),] and its more recent decision in First Florida Bank, N.A. v. Max Mitchell & Co., 558 So.2d 9 (Fla. 1990), do not expand that limitation. Rather, those decisions relax the privity limitation on liability by expanding the class of persons who could bring a cause of action against a professional beyond those in strict contractual privity with the professional.

... .
[I]t is clear that "privity" has not been redefined by the supreme court. Rather, by way of these opinions the court has simply identified parties not in direct contractual privity, or even in "near privity," who may sue the professional.
566 So.2d at 852-53 (emphasis in original). To the extent our recent cases may have applied a different gloss to the concept of *1304 privity for these limited circumstances, the legislature would have been unaware of it when enacting the law in 1974. Thus, we conclude that the legislature intended privity in section 95.11(4)(a) to apply only to malpractice suits where direct privity is found to exist.
The legislature is clearly within its authority to establish a shorter limitations period for those who are immediately on notice of their rights and obligations by virtue of their contract as opposed to those who are not a party to the contract but are nonetheless damaged by the professional's services. See Leatherman v. State ex rel. Somerset Co., 133 Fla. 630, 182 So. 831 (Fla. 1938) (legislature may make an act as restrictive or inclusive as it sees fit). We find it reasonable for the legislature to have intended such a distinction. Likewise, the legislature is free to change its view on this question should it choose to do so.
We approve the decision of the district court below and disapprove Cristich to the extent that it is inconsistent with this opinion. We remand this case for further proceedings consistent herewith.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
[2] Section 95.11(4)(a), Florida Statutes (1983), provides:

(4) WITHIN TWO YEARS. 
(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.
[3] The Bureau of Condominiums is an entity of the Division of Florida Land Sales, Condominiums, and Mobile Homes that receives, examines, and maintains condominium and cooperative documents and provides information to prospective owners, purchasers, lessees, and developers of residential condominiums and cooperatives. Fla. Admin. Code Rule 7D-1.004(4).