WEBSTER, Judge,
dissenting.
I am unable to agree with the majority’s decision. Initially, I note that the issue resolution of which the majority concludes mandates reversing the decision of the State Retirement Commission (Commission) was not raised by appellant. The only issue raised is whether the record contains competent, substantial evidence to support the Commission’s conclusion that appellant failed to carry his burden of establishing that he is “totally and permanently disabled.” My review of the record satisfies me that it does contain competent, substantial evidence to support the Commission’s conclusion. Appellant’s treating neurologist, the only physician to testify, said that, while appellant did have limitations regarding lifting, pushing, pulling, bending and twisting, appellant should be able to do a sedentary or “a desk kind of a job.” Despite efforts by appellant’s counsel, the doctor never wavered from his opinion.
It is my understanding that, as a general rule, appellate courts do not consider issues unless they have been raised and addressed in the briefs. E.g., State v. Williams, 198 So.2d 21 (Fla.1967); City of Miami v. Steckloff, 111 So.2d 446 (Fla.1959); Armstrong v. Data Processing Institute, Inc., 509 So.2d 1298 (Fla. 1st DCA 1987); Cadillac Fairview of Florida, Inc. v. Cespedes, 468 So.2d 417 (Fla. 3d DCA), review denied, 479 So.2d 117 (Fla.1985); Polyglycoat Corp. v. Hirsch Distributors, Inc., 442 So.2d 958 (Fla. 4th DCA 1983), review dismissed, 451 So.2d 848 (Fla.1984). Therefore, I would affirm, and not reach the issue addressed by the majority.
Although appellant has not argued that the Commission misinterpreted the applicable law, the rationale announced by the majority for its decision to reverse is the following:
[T]he Commission has read section 121-23(2)(a), Florida Statutes, as requiring appellant to present an expert medical opinion expressly stating that he meets the statutory standard for total and permanent disability benefits. This view impermissi-bly limits the evidence which may be presented to and considered by the Commission. It has imposed upon appellant an incorrect standard of proof.
Ante, at 262. In addition to resolving the appeal by addressing an issue not raised by the parties, the majority has mischaracter-ized the basis for the Commission’s decision.
In its Final Order, the Commission stated that, to carry his burden of proof, appellant was “required to produce competent medical evidence” that he is “totally and permanently disabled” as that term is defined in the applicable statute — i.e., that “he is prevented, by reason of a medically determinable physical or mental impairment, from rendering useful and efficient service as an officer or employee.” § 121.091(4)(b), Fla.Stat. (1991). It did not base its decision upon a conclusion that the medical evidence offered by appellant failed to meet some formalistic linguistic test, as the majority suggests. Instead, it concluded that “denial must be based on the simple fact that out of the myriad of physicians who treated or examined [appellant], not one said he was — by any definition— totally and permanently disabled, [i.e.,] unable to render useful and efficient service as an employee.” (Emphasis added.) I believe that the Commission’s interpretation of the applicable statute as requiring that appellant offer “competent medical evidence” that he is “totally and permanently disabled” is eminently correct.
*265 The majority concludes that the Commission has incorrectly construed the applicable statute. However, in reaching that conclusion, the majority’s opinion reflects no traditional statutory construction analysis. My belief that the majority’s decision is incorrect is based upon several basic principles of statutory construction.
Section 121.23(2)(a), Florida Statutes (1991), reads:
The [Cjommission shall have the authority to issue orders as a result of a hearing that shall be binding on all parties to the dispute. The [Cjommission may order any action that it deems appropriate. In cases involving disability retirement, the State Retirement Commission shall require the member to present competent medical evidence and may require vocational evidence before awarding disability retirement benefits.
(Emphasis added.) The first two sentences were included in the act which created the Commission. Ch. 75-248, § 1, at 707, Laws of Fla. However, the last sentence was added in 1990. Ch. 90-274, § 17, at 2073, Laws of Fla.
When the language of a statute is clear, there is no reason to resort to rules of construction. The statute must be given its plain and ordinary meaning. E.g., Streeter v. Sullivan, 509 So.2d 268 (Fla.1987); A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157 (1931). I see nothing unclear or ambiguous about the language of the last sentence of section 121.23(2)(a), added in 1990. It seems to me clear from the language used that, when “disability retirement” is the issue in a matter before the Commission, the claimant is required, as a part of his or her burden of proof, “to present competent medical evidence” establishing that he or she is, in fact, “totally and permanently disabled.” * Courts are “without power to construe an unambiguous statute in a way which would ... limit its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.” American Bankers Life Assurance Co. of Florida v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968). Accord Holly v. Auld, 450 So.2d 217 (Fla.1984).
Assuming that one could conclude from a fair reading of the last sentence of section 121.23(2)(a) that its meaning is not clear, it would be our responsibility to determine what the legislature intended by the language chosen. E.g., Baskerville-Donovan Engineers, Inc. v. Pensacola Executive House Condominium Ass’n, 581 So.2d 1301 (Fla.1991); Department of Agriculture and Consumer Services v. Quick Cash of Tallahassee, Inc., 609 So.2d 735 (Fla. 1st DCA 1992). When performing such an exercise, in the absence of any statutory definition, we must presume that the legislature knew the meaning of the words chosen, and intended that the ordinary meaning of those words apply. E.g., Baskerville-Donovan, 581 So.2d at 1302-03; S.R.G. Corp. v. Department of Revenue, 365 So.2d 687 (Fla.1978). Moreover, if the meaning is legitimately in doubt, resort may be had to extrinsic matters, including legislative history. Shelby Mut. Ins. Co. v. Smith, 556 So.2d 393 (Fla.1990). In this regard, it is noteworthy that the preamble to chapter 90-274, Laws of Florida (by which the last sentence was added to section 121.23(2)(a)), lists among its intended purposes “amending s. 121.23, F.S.; limiting the review powers of the State Retirement Commission; [and] requiring submission of medical evidence in cases involving disability retirement.” Ch. 90-274, pmbl., at 2041, Laws of Fla.
Also noteworthy, in my opinion, is the decision in Kennedy v. Wiggins, 368 So.2d 454 (Fla. 1st DCA 1979). There, this court held that, notwithstanding section 121.091(4)(c), Florida Statutes (1977), because of the language of section 121.23(2)(a), Florida Statutes (1977), a claimant was not required to present medical evidence of “total and permanent disability” to the Commission to meet his or her burden of proof when seek *266 ing disability retirement benefits. At that time, the respective statutes read:
[Section 121.091(4)(c):] Proof of disability. — The administrator, before approving payment of any disability retirement benefit, shall require proof that the member is totally and permanently disabled as provided herein, which proof shall include the certification of the member’s total and permanent disability by two licensed physicians of the state and such other evidence of disability as the administrator may require.
[Section 121.23(2)(a):] The Retirement Commission shall have the authority to issue orders as a result of an appeals hearing that shall be binding on all parties to the dispute. The Retirement Commission may order any action that it deems appropriate.
The court reasoned that section 121.091(4)(c) was intended only to restrain the administrator’s discretion. Because section 121.23(2)(a) permitted the Commission to “order any action that it deems appropriate,” without reference to the need for medical evidence, the court concluded that the legislature had not intended similarly to constrain the Commission.
It strikes me that one need not indulge in a great deal of speculation to reach the conclusion that the last sentence of section 121.-23(2)(a), added in 1990, was intended to overrule the decision in Kennedy v. Wiggins. However, to the extent that more proof of the legislature’s intent is required, one need only look to the Staff Analysis and Economic Impact Statement of the Senate Committee on Personnel, Retirement and Collective Bargaining for Senate Bill No. 3052, dated May 1, 1990. (The Staff Analysis is stored in the Florida State Archives.) In that Analysis, the staff noted that:
Under present law, the Division of Retirement is required to have two doctors’ statements attesting to a member’s total and permanent disability before granting a member disability retirement. The Commission, however, under s. 121.23(2)(a), F.S., “... may order any action that it deems appropriate” in hearing a disability case without statutorily required standards of proof. The Commission has interpreted this to authorize disability retirement for members who present no competent medical evidence of disability.
It then stated that the proposed change (now the last sentence of section 121.23(2)(a)) would “[r]equire[ ] the State Retirement Commission to use competent medical evidence for proof of disability.” Staff analyses are generally accorded significant respect in determining legislative intent. E.g., Department of Environmental Regulation v. SCM Glidco Organics Corp., 606 So.2d 722 (Fla. 1st DCA 1992). Moreover, the Department of Administration analysis of the bill (also stored in the Florida State Archives) includes the following:
Under current law, s. 121.23(2)(a), F.S., the State Retirement Commission “... may order any action that it deems appropriate” in hearing disability cases. The Commission has interpreted this to authorize disability retirement for members who present no competent medical evidence of disability. The Division is required to have statements of total and permanent disability from two licensed Florida physicians. This bill will place the [Commission] under similar evidence requirements as the Division and will help prevent [Commission] decisions not based on sufficient medical evidence.
My review of the record satisfies me that there is competent, substantial evidence to support the Commission’s denial of benefits. Moreover, I believe that the Commission correctly concluded that appellant was required, to satisfy his burden of proof, “to present competent medical evidence” that he was “totally and permanently disabled,” which he failed to do. Therefore, I would affirm. Because the majority concludes that reversal is appropriate, respectfully, I dissent.

 It seems to me equally clear that the last portion of the last sentence was not intended, as the majority concludes (ante, at 263 n. 2), to permit "vocational evidence” instead of "competent medical evidence.” Rather, that language was intended to permit the Commission to "require vocational evidence” in addition to "competent medical evidence” in cases where it believed that such additional evidence might be of assistance.