DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BEACHWAY RESTAURANTS 2,**
a dissolved Florida limited liability company, and
**JAMES WIGG,** an individual,
Appellants,

v.

**SANTO & JUNE, INC.,** a Florida corporation;
**SANTO 1319 3, INC.,** a Florida corporation;
**SANTO LOCICERO,** an individual;
**GROUP HIDEAWAY, INC.,** a Florida corporation;
**TRANSWORLD BUSINESS BROKERS LLC** d/b/a
**TRANSWORLD BUSINESS ADVISORS,** d/b/a **TRANSWORLD
BUSINESS ADVISORS PSL,** an unregistered fictitious entity; and
**JOHN DEVRIES,** an individual,
Appellees.

No. 4D2023-0418

[May 29, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Michael J. McNicholas, Judge; L.T. Case No. 19000141CAAXMX.

Carri S. Leininger, Maureen Martinez, and Anthony M. Stella of Williams, Leininger & Cosby, PA, North Palm Beach, for appellants.

John H. Pelzer of Greenspoon Marder LLP, Fort Lauderdale, for appellees John DeVries and Transworld Business Brokers LLC.

PER CURIAM.

The purchasers of a business sued the brokers who had been identified in the sales contract. The purchasers alleged, among other things, that the brokers failed to disclose pertinent information regarding the business' financial health, and in doing so, violated statutory and other duties. The trial court dismissed the claims brought against the brokers based on the two-year statute of limitations for professional malpractice, but it is unclear if the trial court considered whether privity of contract existed between the parties and found that such privity existed. Without such

privity, the statute of limitations for professional malpractice does not apply. Thus, we reverse and remand to the trial court to address privity.

In 2019, the appellants, Beachway Restaurants 2, a dissolved Florida Limited Liability Company, and James Wigg, an individual ("Buyers"), sued multiple parties. The suit involved the Buyers' purchase of a restaurant from Santo and June, Inc. ("Seller"), via the Asset Purchase Contract ("Contract"). The Buyers alleged that the Seller made misrepresentations about the promissory note and that the Seller violated a noncompetition agreement. The Buyers pled claims for breach of contract and fraud in the inducement, among other claims.

In 2022, the Buyers amended their complaint to add the appellees, Transworld Business Brokers, LLC d/b/a Transworld Business Advisors, another d/b/a Transworld Business Advisors PSL, an unregistered fictitious entity, and John DeVries (collectively, "Brokers"), as defendants, bringing claims against them for negligence and negligent information supplied. In the Buyers' second amended complaint, they alleged that the Brokers, in preparing a financial analysis of the business and discussing their findings with the Buyers, failed to disclose information relevant to the business's financial health.

The Brokers moved to dismiss based on the two-year statute of limitations for professional malpractice claims, which requires privity of contract between the parties. The Brokers asserted the parties were in privity of contract, pointing to their purported signatures on page ten of the Contract. But the page on which the Brokers relied merely identifies the Brokers as the listing and selling brokers. The Contract otherwise identifies the Buyer and Seller as parties to the Contract. In its response, the Buyers argued in part that no privity of contract existed.

After considering the parties' arguments at a hearing, the trial court immediately ruled in the Brokers' favor. The Buyers' counsel sought clarification, and the following exchange occurred:

Counsel: Is Your Honor finding that the allegations of the second amended complaint create privity or establish privity?

Court: What I'm holding is that the statute applies to counts 10 and 11 and the action wasn't brought within two years of the time that the plaintiffs knew or should have known that the causes of action existed.

2

In its written order dismissing the claims against the Brokers, the trial court found "that the two-year statute of limitations applies" to the claims against the Brokers and, based on the complaint and attached exhibits, "the statute of limitations has run in accordance with Fla. Stat. 475.01(1)(a) and Fla. Stat. 95.11(4)(a)."

On appeal, the Buyers argue the trial court erred in finding the two-year statute of limitations for professional malpractice applies where no privity of contract existed. We conclude the record does not show the trial court adequately addressed the privity issue, and thus we reverse and remand for the trial court to address that issue.

"The defense of the statute of limitations may be raised by motion to dismiss only where its violation appears on the face of the complaint or its exhibits." *Toledo Park Homes v. Grant*, 447 So. 2d 343, 344 (Fla. 4th DCA 1984). The two-year statute of limitations for professional malpractice actions applies only where a suit alleges professional malpractice, and the parties to the suit are in direct contractual privity. *Baskerville-Donovan Eng'rs, Inc. v. Pensacola Exec. House Condo. Ass'n, Inc.*, 581 So. 2d 1301, 1302-03 (Fla. 1991); *see also* § 95.11(4)(a), Fla. Stat. (2022).[1]

The Buyers' suit is one for professional malpractice, as the Buyers alleged the Brokers, serving as a transaction broker, breached duties which they owed the Buyers. *See* § 475.01(1)(*l*), Fla. Stat. (2022) (defining "[t]ransaction broker" as a "broker who provides limited representation to a buyer, a seller, or both, in a real estate transaction"); § 475.01(1)(a) (providing that a "broker renders a professional service and is a professional within the meaning of s. 95.11(4)(a)").

The primary issue on appeal is whether direct privity of contract existed. If not, the two-year statute of limitations for professional malpractice does not apply. *See Baskerville-Donovan Eng'rs, Inc.*, 581 So. 2d at 1301-03 (holding that where an engineering firm was hired by an apartment complex owner to prepare a report regarding conversion of the complex into residential condominiums, and the condominium association sued the engineering firm, alleging the report was inaccurately prepared, the statute of limitations for professional malpractice did not apply, because the parties to the suit were not in direct contractual privity).

---

[1] Effective March 24, 2023, the statute of limitations for professional malpractice was relocated to subsection 95.11(4)(b), Florida Statutes. *See* ch. 2023-15, § 3, Laws of Fla.

Accordingly, we reverse and remand to the trial court to address the privity issue, as it failed to expressly do so, and the hearing transcript does not indicate if the trial court understood that privity of contract is a prerequisite to applying the two-year statute of limitations for professional malpractice. The trial court should be the court of first instance to consider and address the issue.[2]

If the trial court again dismisses based on the statute of limitations, the trial court should indicate whether amendment is futile and dismissal is with prejudice.[3]

*Reversed and remanded for further proceedings.*

KLINGENSMITH, C.J., CIKLIN and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] The Brokers argue for the first time on appeal that the brokerage relationship creates a contract implied in fact and that a transaction brokerage contract is imposed by statute. We decline to consider these unpreserved arguments.

[3] Some confusion on this point occurred below. The trial court announced the dismissal would be with prejudice, but also referenced the possibility of further amendment: "I am granting the motion to dismiss with prejudice as to . . . these defendants, and I guess you can amend going forward to, if you – some cause of action somehow else. However, you're going to plead it." The Buyers' counsel expressed confusion, and the following exchange occurred:

> Counsel: I apologize. I'm not sure when it's dismissed with prejudice, my understanding is it's precluded from being brought again.
>
> Court: Under – as pled in this second amended complaint.

The Buyers' counsel then asked whether the trial court was making a privity finding, but the trial court did not directly answer the question. The Brokers' counsel asked to clarify that "[i]t was the plaintiff's second amended complaint that should be dismissed," and the court responded, "As to the defendants. There's still an action against --."

4